```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

LEWIS MOORE, III,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:20-00575

B. RIFE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") on January 12, 2023, in which he recommended that the district court grant defendants' motion to dismiss, or in the alternative, for summary judgment; dismiss plaintiff's complaint; and remove this matter from the court's active docket.

      In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a _de novo_ review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff filed objections to the PF&R.  The court has conducted a de novo review of plaintiff's objections to the magistrate judge's PF&R.

On August 31, 2020, plaintiff, while an inmate at FCI McDowell, filed the instant complaint seeking relief under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).  Plaintiff's complaint arises out of an incident, on March 11, 2018, wherein he maintains he was "neglectfully locked . . . in a cooler for more than and hour and a half" and the injuries he allegedly sustained.  ECF No. 2 at 4.  In his PF&R, Magistrate Judge Aboulhosn recommended that plaintiff's Bivens and FTCA claims be dismissed for failure to exhaust administrative remedies.

With respect to his failure to exhaust, in his objections (ECF No. 46), plaintiff stated:

> I filed all grievances available to me except the F.T.C.A.  I filed the BP-11 as my last step and sent it to the Region instead of the Central Office.  According to pg. 16 of Document #45 . . . § 542.17(b) "The inmate will be provided with notice of any defect and whether the defect is correctable[.]"  The Region sent it back without a letter saying it was sent to the wrong destination.  I know it is not their job but I feel it was done in Bad Faith.  This was a defect as described in this section and was indeed correctable.
>
> On pag. 12 of Document #45 it states "If an inmate exhausts administrative remedies with respect to some but not all of the claims she raises in a Section 1983, Bivens, or FTCA action, the Court

2

> must dismiss the unexhausted claims and proceed with the exhausted ones." The evidence clearly shows that I filed the BP-8, BP-9, and BP-10 correctly. If worse comes to worst then only the BP-11 should be treated as an unexhausted remedy. It continues to say ("The PLRA does not require dimissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint.")

Plaintiff's Objections at p. 2-3 (ECF No. 46).

Claims under Bivens and claims under the FTCA are separate and distinct causes of action. Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. See Carlson v. Green, 446 U.S. 14, 21-23 (1980). By contrast, under Bivens, inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. See Howard v. Federal Bureau of Prisons, 198 F.3d 236, 1999 WL 798883, *1 (4th Cir. Oct. 7, 1999). The Supreme Court held in Carlson that an inmate could pursue a Bivens action independent of a FTCA action. See id. at 18-21. The Court found that Congress did not intend to pre-empt a Bivens remedy when it enacted the FTCA. See id. at 19. The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and Bivens as parallel, complementary causes of action." Id. at 19-20.

3

Both <u>Bivens</u> and the FTCA require that a claim thereunder be exhausted prior to bringing suit. However, the exhaustion requirements under <u>Bivens</u> are different than the exhaustion requirements under the FTCA. <u>Jiminez v. United States</u>, No. 11 Civ. 4593(RJS), 2013 WL 1455267, *5 (S.D.N.Y. Mar. 25, 2013) ("[T]he exhaustion requirements under the FTCA are different from those required for a <u>Bivens</u> action."); <u>Smith v. United States</u>, No. 09-CV-314-GFVT, 2011 WL 4591971, *4 (E.D. Ky. Sept. 30, 2011) ("In other words, the FTCA and <u>Bivens</u> each have their own exhaustion procedures, and Smith has a duty to fully exhaust the administrative remedies required by the two different claims."); <u>Fulwylie v. Waters</u>, Civil Action No. 2:08cv76, 2009 WL 3063016, *5 (N.D.W. Va. Sept. 22, 2009) ("The exhaustion requirement for a <u>Bivens</u> claim is separate and distinct from the exhaustion requirements under the Federal Tort Claims Act. . . ."); <u>Tolliver v. Edgefield Correctional Institution</u>, No. 0:060903-PMD, 2006 WL 1391447, *4 (D.S.C. May 16, 2006) ("While Plaintiff's filings indicate he may have exhausted the BOP grievance procedure, which is a prerequisite to filing a <u>Bivens</u> action, exhaustion of administrative remedies for an action under the FTCA is vastly different."). "[E]xhaustion of a <u>Bivens</u> claim requires a prisoner to fully comply with all four stages of the internal prison grievance procedure. In contrast, to exhaust an FTCA claim, a prisoner must file an administrative claim directly

4

with the BOP, and obtain a final ruling. No further appeals are required." Bradley v. Meadows, No. 2:11CV00153 JMM/JTR, 2012 WL 1831459, *2 n.7 (E.D. Ark. May 18, 2012).

With respect to the exhaustion of plaintiff's Bivens claim against FCI McDowell, the record supports Magistrate Judge Aboulhosn's conclusion that this claim was not properly exhausted. The United States submitted a declaration from Destiny Spearen, a Paralegal for the Consolidated Legal Center at FCI Beckley, who has access to the various BOP databases as well as the files of BOP inmates. See ECF No. 37-1. According to Ms. Spearen, plaintiff did not attempt to file an administrative remedy regarding the incident in question until September 17, 2019. See id. at ¶ 13. That remedy was rejected as untimely, as were three subsequent remedies. See id. The court agrees with plaintiff that the documents attached to Ms. Spearen's declaration appear to show that his first administrative remedy was filed earlier than September 17, 2019. See ECF No. 37-1 at 10. Nevertheless, the documents attached to Ms. Spearen's declaration and the exhibits offered by plaintiff show that he filed any and all remedies a year or more after the incident in question. Therefore, they were still untimely.

The PLRA "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process;

5

he must also comply with any administrative "deadlines and other critical procedural rules" along the way." Id. at 90-91. The record does not support plaintiff's assertion that he fully exhausted his administrative remedies as to his Bivens claim. For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); see also Woodford at 126 (stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The record is clear that Moore did not timely exhaust his Bivens claim. Accordingly, defendants have met their burden in proving that Moore did not fully exhaust available administrative remedies as to his Bivens claim and they are entitled to judgment in their favor.[*] See Sellers v. Bowles, Civil Action No. 7:17cv00060, 2018 WL 4387640, at *3 (W.D. Va. Sept. 14, 2018) ("The record shows that Sellers did not properly exhaust his administrative remedies. While he filed numerous administrative complaints and appeals regarding the denial of his complaints,

---

[*] Plaintiff concedes he did not exhaust his FTCA claim. See ECF No. 46 at 1 ("I filed all grievances available to me except the F.T.C.A.").

none were timely."); Vaughn v Garza, Civil Action No. 5:07CV17 (STAMP), 2009 WL 1606939, at *3 (N.D.W. Va. June 4, 2009) ("Thus, although the plaintiff did attempt to meet the administrative exhaustion requirement by filing fourteen administrative remedies at each level, the magistrate judge held that these were all properly denied as untimely.").

For all these reasons, plaintiff's objections regarding exhaustion are **OVERRULED**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and recommendations contained therein. Accordingly, the court hereby **GRANTS** defendants' motion to dismiss or, in the alternative, for summary judgment; **DISMISSES** plaintiff's complaint; and **DIRECTS** the Clerk to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 29th day of March, 2023.

ENTER:

David A. Faber
Senior United States District Judge